IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND SAUNDERS,

                Petitioner,

     v.

WARDEN E. EMMERICH,

                Respondent.

OPINION AND ORDER

25-cv-69-wmc

---

Representing himself, petitioner Raymond Saunders seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that he was denied due process during a prison disciplinary proceeding that resulted in the loss of good-time credit at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Respondent argues that the petition should be dismissed because: (1) Saunders failed to exhaust available administrative remedies; and (2) Saunders received full due process in connection with his disciplinary action. (Dkt. #11.) After considering all of the pleadings, the exhibits, and the applicable law, this action will be dismissed for the reasons explained below.

BACKGROUND[1]

Saunders is currently serving a sentence of 85 months' imprisonment and has a projected release date of June 23, 2029. All of the relevant events to this petition took place during Saunders' confinement at FCI-Oxford. On September 2, 2024, Saunders was subject

---

[1] Unless otherwise indicated, the facts in this section are drawn from the petition and the exhibits submitted by the parties. (Dkts. ##1, 12-13.) Because petitioner represents himself, his *pro se* submissions are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

to a visual search in a holding cell.  A search of a different inmate, R. Jackson, had been conducted in the same holding cell immediately before Saunders was searched.  Saunders claims that when he entered, the holding cell had not been cleaned in between these searches, alleging that there was trash, paper, plastic, and tissues on the floor.  After his visual search was completed, Saunders further claims that a correctional officer walked to the corner of the holding cell, picked an object up from the floor, and asked if the object belonged to Saunders. Saunders stated it was not his.  Nevertheless, Saunders was then placed in a Special Housing Unit ("SHU") and served with incident report #3989824, which alleged that he possessed drugs and attempted to destroy/dispose of an item during his search.  Saunders denied those charges, and the incident was sent to a Discipline Hearing Officer ("DHO") for further review.

At a hearing on September 12, 2024, the DHO determined that Saunders had committed the violation of drug possession but had not committed the violation of attempted destruction/disposal of an item during a search.  The DHO based his decision on the incident report, which contained a statement from the officer who conducted the search, the chain of custody for the contraband, and a medical memorandum identifying the contraband.  (Russell Decl. (dkt. #13-7, at 4).)  As a result, the DHO imposed sanctions that included:  disallowing thirteen days of good-time credit; disciplinary segregation for thirty days; a forfeiture of twenty-eight days of non-vested good-conduct time; and the loss of phone, commissary, and visitation privileges for ninety days.

Following this determination, Saunders alleges he filed a regional administrative remedy appeal ("BP-231(13)") on October 7, 2024, claiming that he was denied a fair, impartial hearing because:  (1) the DHO worked at FCI-Oxford at the time of his hearing and attended SHU meetings with prison staff where inmates' incidents are discussed; (2) the hearing was

2

conducted in his cell, in the presence of his cellmate, and in hearing distance of other inmates; and (3) not only was he never in possession of any drugs but none were ever found in his possession. Accordingly, Saunders requested that the incident report be expunged and his lost good-time credit and privileges be restored.

Saunders received a response to his appeal from the Federal Bureau of Prisons ("BOP") North Central Regional Office ("NCRO") on November 13, 2024. The NCRO determined that Saunders was provided adequate due process because: (1) he was given advance written notice of the charge; (2) he was afforded the opportunity for staff representation and to call witnesses; and (3) he was offered the chance to be present at the hearing, make a statement to the DHO, and present documentary evidence. Further, the NCRO found no evidence to suggest that the DHO was not impartial or that Saunders' due process rights had been otherwise violated. Therefore, the NCRO ultimately denied Saunders' appeal, finding that the DHO's guilty finding was reasonable and the discipline process was conducted in accordance with the relevant prison policy on inmate discipline (BOP Program Statement 5270.09). The response from the NCRO directed Saunders to file an appeal with the Office of General Counsel at the BOP if he was dissatisfied with its decision.

Saunders contends that he exhausted his administrative remedies because he filed a BP-231(13) with the Office of General Counsel and received no response within 60 days. Subsequently, Saunders petitioned this court for a writ of habeas corpus, alleging that the DHO violated his due process rights by conducting his hearing in the presence of other inmates, which hindered his ability to present evidence and jeopardized his safety. Saunders again maintains that he was never in possession of any drugs on the day in question, and notes that the incident report makes no reference to any drugs being found in Saunders' possession.

3

Instead, the drugs were found on the floor in the holding cell, not in his possession. Saunders once again seeks relief for these alleged due process violations in the form of the restoration of his lost good-time credit and privileges, as well as the expungement of the incident report.

Respondent argues that Saunders' petition should be dismissed because he has failed to exhaust his administrative remedies and he received full due process leading up to, during, and after his disciplinary hearing.  In short, respondent argues that Saunders was not denied due process because his disciplinary proceedings met all the requirements of due process.  The court addresses each argument in turn below.

OPINION

## I.    Exhaustion of Remedies

To obtain a writ of habeas corpus under 28 U.S.C. § 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  An inmate must exhaust administrative remedies before seeking habeas relief in federal court under § 2241.  *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir.2004) (noting that "common-law exhaustion rule applies to § 2241 actions"). If an inmate has failed to exhaust administrative remedies and the administrative process is no longer available, his habeas claim is barred unless he can demonstrate cause and prejudice.  *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986).

Further, to exhaust administrative remedies, an inmate incarcerated by the BOP must first file an informal complaint with institution staff.  28 C.F.R. § 542.13(a).  If the complaint is not resolved informally, an inmate must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated.  28 C.F.R. § 542.14(a).  If the inmate is unsatisfied with the warden's response to his BP-9, he may also submit an appeal to the

Regional Director on a BP-10 form within 20 days.  28 C.F.R. § 542.15(a).  Finally, if the inmate is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days.  *Id*.  Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process results in the denial of the requested relief.  *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Respondent claims that Saunders failed to appeal properly the NCRO's decision to the Office of General Counsel, and thereby failed to exhaust his administrative remedies. Saunders claims he exhausted administrative remedies because he filed a "BP-231(13)" with the Office of General Counsel and did not receive a response within 60 days.  (Dkt. #1, at 4.) However, there is no record of Saunders filing any administrative remedy request related to incident report #3989824, other than the BP-10 he filed with the NCRO on October 7, 2024. (Behrens Decl. (dkt. #12, at 3–4).)  Saunders received a response to this appeal from the NCRO on November 13, 2024. In order to exhaust his administrative remedies completely, Saunders would have needed to appeal this decision from the NCRO to the Office of General Counsel.  Unfortunately, Saunders has offered no evidence to support a finding that he did so, and therefore, he fails to show that he exhausted his administrative remedies before seeking relief in federal court.

Further, Saunders has offered no reason that he should be excused from the exhaustion requirement, as he has neither offered no evidence that requiring exhaustion would cause him prejudice, nor that he has cause to avoid the administrative process.  Because Saunders has failed to exhaust his administrative remedies, his petition for habeas corpus must be dismissed.

## II.    Merits

Even if Saunders' failure to exhaust administrative remedies is excused by his attempt to do so using a form BP-231(13), rather than the required BP-11, Saunders cannot prevail because he has also failed to demonstrate a violation of the Due Process Clause.  To state a procedural due process claim, an inmate must allege facts suggesting that he was deprived of a "liberty or property interest" *and* that this deprivation took place without the procedural safeguards necessary to satisfy due process.  *Sandin v. Conner,* 515 U.S. 472, 483-84 (1995).

In the prison context, liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*  To the extent Saunders challenges the loss of phone, commissary, and visitation privileges for ninety days, these allegations do not implicate a liberty interest or state a claim upon which habeas corpus relief may be granted.  *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001).  Specifically, sanctions that result in more restrictive conditions of confinement, or limitations imposed on privileges granted in confinement, do not pose an atypical or significant hardship beyond the ordinary incidents of prison life.  *Sandin*, 515 U.S. at 483-84.

On the other hand, federal inmates do have a liberty interest in their earned good-time credits.  *Jackson v. Carlson*, 707 F.2d 943, 946-47 (7th Cir. 1983).  Therefore, inmates are entitled to due process before these credits can be revoked.  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  More specifically, a disciplinary decision that results in the loss of good-time credits must provide the inmate with the following procedural safeguards to adhere to due process: (1) advance written notice of the charges; (2) an opportunity, taking into account the

6

institution's safety concerns, to call witnesses and present evidence in his or her defense; (3) a written statement from the factfinder identifying the evidence on which they relied and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Wolff*, 418 U.S. at 564.

Here, Saunders received a sanction that disallowed thirteen days of good-time credit and forfeited other credits in which he had a liberty interest in.  However, Saunders does not dispute that he received advance notice of the disciplinary proceeding as well as a written report of the hearing officer's decision.  Rather, Saunders argues that he was denied due process because he was not given an opportunity to confront his accusers and present evidence on his own behalf, due to his hearing being conducted in the presence of other inmates.  Nevertheless, the only evidence in the record of anyone else present at Saunders' hearing was inmate R. Jackson, who Saunders had called as a witness.  In addition, Saunders provided his own account of the incident on September 2, 2024, which the DHO considered in issuing his decision. Because Saunders was able to present evidence at his hearing in the form of witness testimony and his own statement, the court cannot find that a due process violation occurred in this regard.

Saunders also claims that he was denied due process because the finding of drug possession is unsupported by any evidence in the record.  While the drugs were not found on his person, but were instead picked up from the floor, Saunders argues that there is no evidence to establish they were in his possession.  Here, however, the DHO found ample  evidence to determine that Saunders had the drugs in his possession.  In particular, the DHO based his finding on the incident report in which the officer conducting the visual search of Saunders

witnessed him "push his left foot back like he was trying to move something after he had taken off his sock," then saw "an unknown white object slide into the wall behind I/M Saunders." (Dkt. #13-7, at 4.)  Further, the officer inspected the item and discovered that it was "a folded-up piece of paper in the shape of a pouch and inside this pouch there were multiple pieces of paper containing 7 orange-in-color triangles later identified by medical staff as suboxone."  (*Id*.) The officer also stated that, contrary to Saunders' claim, the holding cell where the visual search was conducted and the drugs were recovered *had been* searched before Saunders was placed in it.  (*Id*.)

Finally, the incident report, along with the photographs, chain of custody documents, and medical memorandum identifying the contraband, easily meets the low threshold required to support the hearing officer's finding of "some evidence" that Saunders possessed drugs on September 2, 2024. *See Hill*, 472 U.S. at 455 ("the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits"); *see also Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (describing the "some evidence" standard as a "meager threshold" which, once crossed, ends the inquiry into the disciplinary decision's validity).  Because there was at least some evidence to support the disciplinary hearing officer's decision in this instance, the requirements of due process are satisfied.  *Wolff*, 418 U.S. at 564, 566.  Accordingly, the petition for habeas corpus fails on the merits as well.

## ORDER

IT IS ORDERED that:

1. The habeas corpus petition filed by Raymond Saunders (dkt. #1) is DISMISSED with prejudice.

2.  The clerk of court is directed to close this case and enter judgment accordingly.

Entered this 10th day of March, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge